

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 28  AM 10: 57

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

WARREN J. DAY

VERSUS

C.M. LENSING

CIVIL ACTION

NO.  04-2083

SECTION "F"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* Title 28 U.S.C. § 2254(e)(2).[1]

## I.    Factual Background

The petitioner, Warren J. Day ("Day"), is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2]  On December 17, 1997, Day was charged by Bill of Information in

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1, Petition.

Jefferson Parish with five counts of indecent behavior with a juvenile for committing lewd and lascivious acts by exposing his penis or a fake penis to the juvenile victims.[3]

The record reflects that on or about October 7, 1997, Krista Martin was roller-skating with a friend who was pulling her with a bicycle.[4] Martin was approached by a man in a white car, later identified as Day, who told her that he was looking for a black dog. As her playmate spoke to the man, Martin noticed that the man was playing with what she later described as a "pink cone." He was "moving around" and had the "cone" on his penis, which was erect. Martin also stated that the man did not touch her.

One week later, on October 14, 1997, Stephanie Reynolds, Shanna Shephard and some friends walked home from their school bus stop. A man, later identified as Day, in a two-door white car stopped and asked if they had seen a white and black dog. Reynolds stated that they told him that they had not seen the dog and they kept walking. The man backed his car up and spoke to the girls again. Reynolds testified that the man was playing with a plastic, simulated penis at that time and was "moving it [the simulated penis] up and down with his hand" with "a smirk on his face." Although the man held the object between his legs, she testified that she did not notice whether his pants were down or if his genitals were exposed. She did notice, however, that the simulated penis was in Day's crotch area. Shephard also saw the fake penis and testified that, "he was like rubbing his hand up and down" and that, as the man played with the object, "he was smiling and looking down like for me to look down and notice what he was doing." Both girls testified that Day did not touch them, but that he laughed at the girls as he drove away.

---

[3]St. Rec. Vol. 2 of 2, Bill of Information, 12/17/97.

[4]The facts of the case are taken from the opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Day*, 735 So.2d 56, 57-58 (La. App. 5th Cir. 1999); St. Rec. Vol. 2 of 2, 5th Cir. Opinion, p. 3-4, 3/10/99.

On June 4, 1998, Day was tried by a jury on Counts Two and Five of the Bill of Information and was found guilty as charged.[5]  The trial court sentenced Day on June 23, 1998, to six years imprisonment on each count to run consecutively.[6]  The State also filed a multiple bill that same day.[7]

After a hearing on the multiple bill held August 26, 1998, the Trial Court adjudicated Day to be a triple offender and re-sentenced him on Count Two to 10 years imprisonment without benefit of parole, probation or suspension of sentence, to run concurrent with any other sentence.[8]  At some point thereafter, the remaining Counts One, Three, and Four of the original Bill of Information were dismissed by the State.[9]

Day's counsel appealed to the Louisiana Fifth Circuit Court of Appeal alleging insufficient evidence to support the conviction.[10]  On March 10, 1999, the Louisiana Fifth Circuit affirmed Day's conviction on Count Two and reversed the conviction on Count Five finding that the State had failed to prove that the victims were under the age of 17.[11]

---

[5]St. Rec. Vol. 1 of 2, Jury Trial Minutes, 6/4/98; "Verdict Count I", 6/4/98; "Verdict Count II", 6/4/98; Trial Transcript, 6/4/98.

[6]St. Rec. Vol. 1 of 2, Sentencing Transcript, p. 5, 6/23/98. The Sentencing Minutes reflect that he was sentenced to 7 years on each count to run concurrently.  St. Rec. Vol. 1 of 2, Sentencing Minutes, 6/23/98.

[7]St. Rec. Vol. 1 of 2, Multiple Bill (2 pages), 6/23/98.

[8]St. Rec. Vol. 1 of 2, Multiple Bill Hearing Minutes, 8/26/98; Sentencing (undated); Multiple Bill Hearing Transcript, 8/26/98.

[9]St. Rec. Vol. 2 of 2, Bill of Information (District Attorney's undated notation), 12/17/97.

[10]St. Rec. Vol. 1 of 2, Assignment of Errors, 10/5/98; Appeal Brief, 98-KA-964, 10/5/98.

[11]*State v. Day*, 735 So.2d at 60; St. Rec. Vol. 2 of 2, 5th Cir. Opinion, p. 8, 3/10/99.

Day did not seek rehearing or file for further review in the Louisiana Supreme Court.[12] Therefore, his conviction became final on April 9, 1999, which was 30 days after issuance of the appellate court's opinion and no further appellate review was available.[13] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

## II.   Procedural Background

More than 17 months later, on September 25, 2000, Day filed an Application for Post Conviction Relief in the Trial Court alleging that his counsel was rendered ineffective because the defense was not informed of the alleged details of the charges until the day of trial.[14] The Trial Court denied the application as meritless on October 3, 2000.[15]

Four months later, on February 23, 2001, Day filed an untimely[16] Writ Application in the Louisiana Fifth Circuit challenging that ruling.[17] The Appellate Court denied the Application on March 5, 2001, finding no error in the Trial Court's ruling.[18]

---

[12]*See* St. Rec. Vol. 2 of 2, 5th Cir. Opinion, p. 8, 3/10/99.

[13]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A).

[14]St. Rec. Vol. 2 of 2, Application for Post Conviction Relief, 9/25/00.

[15]St. Rec. Vol. 2 of 2, Trial Court Order, 10/3/00.

[16]The application was filed more than 30 days after the trial court's ruling, the period set forth in La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[17]The filing date of this Writ Application appears on the face of the order and was confirmed with the clerk of the Louisiana Fifth Circuit. St. Rec. Vol. 2 of 2, 5th Cir. Order, 01-KH-206, 3/5/01.

[18]St. Rec. Vol. 2 of 2, 5th Cir. Order, 01-KH-206, 3/5/01.

4

Day also filed an untimely[19] Writ Application in the Louisiana Supreme Court on May 15, 2001.[20] The Louisiana Supreme Court denied the Application without reasons on February 1, 2002.[21]

Six months later, on August 6, 2002, Day filed a Motion to Correct an Illegal Sentence in the Trial Court alleging that his sentence was illegal because it was based on a charge from a defective bill of information.[22] The Trial Court denied the Motion as meritless on August 23, 2002.[23]

On August 28, 2002, Day filed a Motion to Correct an Illegal Sentence with the Louisiana Fifth Circuit.[24] The Court denied relief on August 30, 2002 because it lacked jurisdiction to consider the Motion.[25]

Thereafter, on October 9, 2002, Day filed another untimely Writ Application in the Louisiana Fifth Circuit seeking review of the Trial Court's August 23, 2002, ruling.[26] The Court denied the Application on October 11, 2002, finding no error in the Trial Court's ruling.[27]

---

[19]The application was filed more that 30 days after the appellate court's ruling, the period set forth in La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a).

[20]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 01-KH-1415, 5/15/01; La. S. Ct. Letter, 2001-KH-1415, 5/15/01.

[21]*State ex rel. Day v. State*, 808 So.2d 329 (La. 2002); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2001-KH-1415, 2/1/02.

[22]St. Rec. Vol. 2 of 2, Motion to Correct an Illegal Sentence, 8/6/02.

[23]St. Rec. Vol. 2 of 2, Trial Court Order, 8/23/02.

[24]The filing date of this Application appears on the face of the order and was confirmed with the clerk of the Louisiana Fifth Circuit. St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-890, 8/30/02.

[25]St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-890, 8/30/02.

[26]The filing date of this Application appears on the face of the order and was confirmed with the clerk of the Louisiana Fifth Circuit. St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-1021, 10/11/02.

[27]St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-1021, 10/11/02.

Two months later, on December 16, 2002, Day filed an untimely Writ Application with the Louisiana Supreme Court.[28]

In the meantime, on April 29, 2003, while the Louisiana Supreme Court Writ Application was still pending, Day filed a Petition for Writ of Habeas Corpus in the 18th Judicial District Court for the Parish of Iberville, Louisiana.[29]  The State District Court held a hearing on July 7, 2003, at which time it ordered the case transferred to Jefferson Parish as a challenge to his conviction.[30] Day's subsequent Writ Application filed with the Louisiana First Circuit Court of Appeal (not the Third Circuit as alleged by the State) challenging the transfer was denied.[31]

The Petition for Writ of Habeas Corpus was received in Jefferson Parish on July 24, 2003.[32] Thereafter, on August 12, 2003, the Trial Court denied the Petition because Day failed to use the proper post-conviction form.[33]

Several months later, on November 7, 2003, the Louisiana Supreme Court denied, without reasons, Day's Writ Application previously filed in that court on December 16, 2002.[34]

---

[28]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 02-KH-3086, 12/16/02; Supplement, 02-KH-3086, 1/17/03; La. S. Ct. Letter, 2002-KH-3086, 12/16/02.

[29]St. Rec. Vol. 2 of 2, Petition for Writ of Habeas Corpus, 4/9/03.

[30]St. Rec. Vol. 2 of 2, Order to Show Cause, 6/4/03; Minute Entry, 7/7/03.

[31]St. Rec. Vol. 2 of 2, 1st Cir. Order, 2003-KW-1750, 11/3/03.  According to the clerk of the Louisiana First Circuit, Day's Application was filed in that court on August 5, 2003.

[32]St. Rec. Vol. 2 of 2, Transfer Notice, 7/24/03.

[33]St. Rec. Vol. 2 of 2, Trial Court Order, 8/12/03.

[34]*State ex rel. Day v. State*, 857 So.2d 512 (La. 2003); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2002-KH-3086, 11/7/03.

6

On March 16, 2004, Day filed another Petition for Writ of Habeas Corpus in the Trial Court.[35] The Trial Court denied the Petition on March 23, 2004 because the claim was repetitive.[36]

## III.   Current Federal Petition

On July 23, 2004, Day filed the instant Petition for Federal Habeas Corpus Relief in which he raises five grounds for relief:[37] (1) He was denied the right to be informed of the charges against him where the bill of information differed from the conduct alleged at trial; (2) He was denied the right to appeal the allegations presented to the jury; (3) He was denied a fair trial and due process where the record was amended after the close of trial to reflect that he was tried on Count Two of the bill of information which had not been presented to the jury; (4) The Trial Court lacked subject matter jurisdiction to sentence him as to Count Two; and (5) The verdict was not responsive to the bill of information.

The State opposes the Petition on the basis that it is not timely filed.[38]  Day replied to the State's opposition arguing that his petition should be considered timely because his claims have merit and because he had permission to file late pleadings in the various state courts over the years.[39]

## IV.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28

---

[35]St. Rec. Vol. 2 of 2, Petition for Writ of Habeas Corpus, 3/16/04.

[36]St. Rec. Vol. 2 of 2, Trial Court Order, 3/23/04.

[37]Rec. Doc. No. 1, Petition, Memorandum in Support, p.4.

[38]Rec. Doc. No. 3.

[39]Rec. Doc. No. 4.

U.S.C. § 2254, went into effect on April 24, 1996[40] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Day's petition, which is deemed filed in this Court under the federal "mailbox rule" on June 19, 2004.[41]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Day's federal petition is untimely filed.  The State did not address the preliminary issue of exhaustion.  Nevertheless, the Court finds that Day has exhausted state court remedies.  However, the Court finds for the following reasons, that Day's petition is not timely filed and must be dismissed for that reason.

---

[40]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[41]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Day's petition on July 23, 2004, the date on which the filing fee was paid.  Day, however, signed the petition on June 19, 2004, which is the earliest date he could have submitted it to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

V.     **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[42]   *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).   Day's conviction became final on April 9, 1999, when he did not file for further review after his direct appeal.   Under the plain language of § 2244, Day had until April 9, 2000, to file a timely federal application for habeas corpus relief which he did not do.   Thus, literal application of the statute would bar Day's § 2254 petition as of that date unless he is entitled to tolling.

A.     **Equitable Tolling**

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling

---

[42]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

|   | |
|---|---|
| A. | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
| B. | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions; |
| C. | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| D. | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

In this case, Day has not alleged and the record does not reflect any basis for equitable tolling. Contrary to his suggestion, the limitations period is not tolled merely because the petitioner believes he is entitled to relief on the claims raised. *United States v. Alexander*, 2000 WL 1092618 at *3 (E.D. La. Aug. 2, 2000) (Barbier, J.); *Gaines v. Cockrell*, 2003 WL 222444 (N.D. Tx. Jan. 28, 2003) (citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)).   Therefore, the Court need only determine whether Day is entitled to statutory tolling.

**B.**     <u>**Statutory Tolling**</u>

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* Title 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace*, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217

F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dilworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies from the record are not applications for post-conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

11

In this case, Day's one-year filing period began to run on April 10, 1999, the day after his conviction became final. The filing period ran uninterrupted for 365 days until it expired on April 9, 2000. Day had no properly filed state application for post-conviction relief or other collateral review pending during that time period.

His first state application for post conviction relief was filed more than five months later, on September 25, 2000. However, Day is not entitled to any tolling consideration for the post-conviction filings made after expiration of the AEDPA filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The Court therefore need not consider whether those subsequent filings were proper or timely or consider Day's arguments regarding same.

Day's federal habeas corpus petition is deemed filed June 19, 2004, more than four years after expiration of the one-year AEDPA filing period. For these reasons, Day's federal habeas petition is untimely and should be dismissed with prejudice as time-barred.

## VI.   Recommendation

It is therefore **RECOMMENDED** that Warren J. Day's Petition for Issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure

to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

13